Marie M. Jones, Meyer, Darragh, Buckler, Bebenek & Eck, Kemal A. Mericli, Office of Attorney General of Pennsylvania, Pittsburgh, PA, A. Taylor Williams, Supreme Court of Pennsylvania, Administrative Office of Pennsylvania Courts, Philadelphia, PA, Robert Varsek, Oil City, PA, for Mark Aaron, District Attorney; James G. Arner, President Judge; Ralph Montana, Solicitor; The County of Clarion; Trooper Robert S. Hageter, Jr., Pennsylvania State Police; Stanley Drake.

Ralph Montana, Clarion, PA, pro se.

Before: BARRY, CHAGARES and ROTH, Circuit Judges.

## OPINION

PER CURIAM.

Marsha Kay Snyder appeals the District Court's order dismissing her complaint. Snyder filed a complaint alleging that the appellees failed to fully prosecute persons who broke into her home and assaulted her. After her initial complaint was dismissed for lack of standing, Snyder filed an amended complaint alleging that appellees violated several Pennsylvania criminal statutes by failing to fully prosecute those persons involved in the break-in and assault. The District Court dismissed the amended complaint for lack of standing. Snyder filed a timely notice of appeal, and we have jurisdiction under 28 U.S.C. § 1291.

We exercise plenary review over the grant of a motion to dismiss for lack of standing. *Leuthner v. Blue Cross and Blue Shield of N.E. Pa.*, 454 F.3d 120, 124 (3d Cir.2006). We agree with the District Court that Snyder lacked standing to bring her claims. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973)("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")

For essentially the reasons given by the District Court, we will affirm the District Court's judgment.

Gbeke Michael AWALA, and the people of Salem County Correctional Facility Prisoners; James Mopherson, Jr.; Harry Gregory; Daniel Wright; Dale Goldberg; Robert Laute; Jay Cseh; Duane Carpenter; Brian Davis; Thomas Lovett; Michael J. Gallagher

v.

State of NEW JERSEY DEPARTMENT OF CORRECTIONS; Salem County Correctional Facility; Warden; Hefner, Undersheriff, Salem County Jail

Gbeke Michael Awala, Appellant.

No. 05–4899.

United States Court of Appeals, Third Circuit.

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) Dec. 29, 2006.

Filed: Jan. 31, 2007.

**134**

Gbeke Michael Awala, Philadelphia, PA, pro se.

Before: RENDELL, SMITH and COWEN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Gbeke Michael Awala appeals the dismissal of his complaint under 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). For the reasons stated herein, we will dismiss this appeal under 28 U.S.C. § 1915(e)(2)(B).

On May 4, 2005, Awala submitted the underlying complaint to the United States District Court for the District of New Jersey. He purported to file it as a class action on behalf of himself and eleven other inmates at the Salem County Correctional Facility ("SCCF"). His primary claim was that they were denied meaningful access to the courts due to the library staff's failure to assist inmates in the preparation and filing of legal papers and to provide adequate research facilities. He sought additional assistance in the law library, increased space for more inmates to use it at once, and increased time during which inmates could have access to the library. Awala also fleetingly referred to the following claims: (i) lack of access to medical treatment and poor medical care, (ii) unsanitary food preparation, and (iii) nutritionally inadequate food. However, he provided no additional information with respect to any of these three claims.

On June 10, 2005, Awala informed the Court that he had been transferred to the Federal Detention Center in Philadelphia. Two weeks later, he filed an amended complaint, supplementing his allegations regarding his lack of access to the courts. The District Court dismissed Awala's complaint and amended complaint under 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b), concluding that as a *pro se* prisoner without formal training in the law who is no longer being detained in the same prison facility as the other proposed class members, Awala would not be able to adequately represent the interests of the class and maintain the suit as a class action, and that he had failed to state a claim for relief so as to support those claims asserted by him on his own behalf.

We have jurisdiction over this appeal

pursuant to 28 U.S.C. § 1291.[1] Because Awala has been granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915, we must first review this appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). An appeal may be dismissed under § 1915(e) if it has no arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

None of Awala's claims, as stated, have arguable legal merit. As to his claims of lack of access to the courts, Awala fails to allege any actual injury emanating from the lack of resources in the prison library. *See Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (holding that an inmate alleging lack of access to the courts must demonstrate that the alleged shortcomings of the prison library hindered his ability to pursue an actual legal claim). With respect to his claim of inadequate medical treatment, Awala has failed to allege any medical need at all, let alone a serious medical need to which Appellees were deliberately indifferent. *See Estelle v. Gamble*, 429 U.S. 97, 104–05, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (holding that relief is available under the Eighth Amendment for deliberate indifference to a serious medical need). And finally, regarding his claim that the prison food is nutritionally inadequate and served in an unsanitary manner, Awala has not alleged a deprivation serious enough to rise to the level of an Eighth Amendment violation. *See Wilson v. Seiter*, 501 U.S. 294, 298–99, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991) (requiring plaintiff to allege facts sufficient to demonstrate both (i) an objectively serious deprivation of an identifiable human need and (ii) that a prison official acted with deliberate indifference in effecting the deprivation).

In light of the foregoing, we conclude that the District Court correctly dismissed Awala's complaint and amended complaint under 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b) after affording him an opportunity to amend and clarify his complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir.2002). We therefore conclude that this appeal is meritless. Accordingly, this appeal will be dismissed under 28 U.S.C. § 1915(e)(2)(B).

---

1. Although the parties were advised that this appeal might be dismissed for lack of jurisdiction, in light of the District Court grant of Appellant's motion for an extension of time pursuant to Federal Rule of Appellate Procedure 4(a)(5), we decline to dismiss the appeal on that ground.